**MIRAGE EDITIONS, INC., Jennifer Dumas, and Alfred Van Der Marck Editions, Inc., Plaintiffs–Appellees,**

v.

**ALBUQUERQUE A.R.T. CO., Defendant–Appellant.**

No. 87–6465.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1988.

Decided Sept. 7, 1988.

George J. Netter, Pasadena, Cal., for defendant-appellant.

Gary S. Phillips, Rosenberg, Nagler & Phillips, Beverly Hills, Cal., for plaintiffs-appellees.

Before BRUNETTI, KOZINSKI and THOMPSON, Circuit Judges.

BRUNETTI, Circuit Judge:

Albuquerque A.R.T. (appellant or A.R.T.) appeals the district court's granting of summary judgment in favor of appellees Mirage, Dumas, and Van Der Marck (Mi-

rage). The district court, in granting summary judgment, found that appellant had infringed Mirage's copyright and issued an order enjoining appellant from further infringing Mirage's copyright.

Patrick Nagel was an artist whose works appeared in many media including lithographs, posters, serigraphs, and as graphic art in many magazines, most notably Playboy. Nagel died in 1984. His widow Jennifer Dumas owns the copyrights to the Nagel art works which Nagel owned at the time of his death. Mirage is the exclusive publisher of Nagel's works and also owns the copyrights to many of those works. Dumas and Mirage own all of the copyrights to Nagel's works. No one else holds a copyright in any Nagel work. Appellee Alfred Van Der Marck Editions, Inc. is the licensee of Dumas and Mirage and the publisher of the commemorative book entitled *NAGEL: The Art of Patrick Nagel* ("the book"), which is a compilation of selected copyrighted individual art works and personal commentaries.

Since 1984, the primary business of appellant has consisted of: 1) purchasing artwork prints or books including good quality artwork page prints therein; 2) gluing each individual print or page print onto a rectangular sheet of black plastic material exposing a narrow black margin around the print; 3) gluing the black sheet with print onto a major surface of a rectangular white ceramic tile; 4) applying a transparent plastic film over the print, black sheet and ceramic tile surface; and 5) offering the tile with artwork mounted thereon for sale in the retail market.

It is undisputed, in this action, that appellant did the above process with the Nagel book. The appellant removed selected pages from the book, mounted them individually onto ceramic tiles and sold the tiles at retail.

Mirage, Dumas and Van Der Marck brought an action alleging infringement of registered copyrights in the artwork of Nagel and in the book. Mirage also alleged trademark infringement and unfair competition under the Lanham Act, 15 U.S.C.

§ 1051 et seq. and the state law of unfair competition, Cal.Bus. & Prof.Code §§ 17200 et seq.

Appellant moved for summary judgment on the Lanham Act and Copyright Act causes of action. The district court granted summary judgment as to the Lanham Act cause of action but denied summary judgment on the copyright cause of action. Mirage then moved for summary judgment on the copyright claim which was granted. The court also enjoined appellants from removing individual art images from the book, mounting each individual image onto a separate tile and advertising for sale and/or selling the tiles with the images mounted thereon.

The Copyright Act of 1976, 17 U.S.C. § 101 et seq., confers upon the copyright holder exclusive rights to make several uses of his copyright. Among those rights are: (1) the right to reproduce the copyrighted work in copies, 17 U.S.C. § 106(1); (2) the right to prepare derivative works based upon the copyrighted work, 17 U.S.C. § 106(2); (3) the right to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending, 17 U.S.C. § 106(3); and (4) in the case of literary, pictorial, graphic and sculptural works, including individual images, the right to display the copyrighted work publicly.

The district court concluded appellant infringed the copyrights in the individual images through its tile-preparing process and also concluded that the resulting products comprised derivative works.

Appellant contends that there has been no copyright infringement because (1) its tiles are not derivative works, and (2) the "first sale" doctrine precludes a finding of infringement.

■ The Copyright Act of 1976, 17 U.S. C. § 101 defines a derivative work as:

[A] work based upon one or more preexisting works such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation or *any other form in which a work may be recast, trans-formed, or adapted.* A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship is a "derivative work."

(Emphasis added).

The protection of derivative rights extends beyond mere protection against unauthorized copying to include the right to make other versions of, perform, or exhibit the work. *Lone Ranger Television v. Program Radio Corp.,* 740 F.2d 718, 722 (9th Cir.1984); *Russell v. Price,* 612 F.2d 1123, 1128 n. 16 (9th Cir.1979).

Melvin Nimmer in his treatise on copyright law wrote:

[A] work will be considered a derivative work only if it would be considered an infringing work if the material which it has derived from a preexisting work had been taken without the consent of a copyright proprietor of such preexisting work.

1 Nimmer on Copyright § 3.01 (1986) cited in *Litchfield v. Spielberg,* 736 F.2d 1352, 1357 (9th Cir.1984), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985); *United States v. Taxe,* 540 F.2d 961, 965 n. 2 (9th Cir.1976), *cert. denied,* 429 U.S. 1040, 97 S.Ct. 737, 50 L.Ed.2d 751 (1977).

What appellant has clearly done here is to make another version of Nagel's art works, *Lone Ranger, supra,* and that amounts to preparation of a derivative work. By borrowing and mounting the preexisting, copyrighted individual art images without the consent of the copyright proprietors—Mirage and Dumas as to the art works and Van Der Marck as to the book—appellant has prepared a derivative work and infringed the subject copyrights. *Nimmer, supra.*

Appellant's contention that since it has not engaged in "art reproduction" and therefore its tiles are not derivative works is not fully dispositive of this issue. Appellant has ignored the disjunctive phrase "or any other form in which a work may be recast, transformed or adapted." The legislative history of the Copyright Act of 1976 indicates that Congress intended that

for a violation of the right to prepare derivative works to occur "the infringing work must incorporate a portion of the copyrighted work in *some form.*" 1976 U.S. Code Cong. & Admin.News 5659, 5675. (emphasis added). The language "recast, transformed or adapted" seems to encompass other alternatives besides simple art reproduction. By removing the individual images from the book and placing them on the tiles, perhaps the appellant has not accomplished reproduction. We conclude, though, that appellant has certainly recast or transformed the individual images by incorporating them into its tile-preparing process.

The "first sale" doctrine, which appellant also relies on in its contention that no copyright infringement has occurred, appears at 17 U.S.C. § 109(a). That section provides:

> Notwithstanding the provisions of Section 106(3), the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord.

In *United States v. Wise,* 550 F.2d 1180 (9th Cir.1977), which concerned a criminal prosecution under the pre–1976 Copyright Act, this court held that:

> [T]he "first sale" doctrine provides that where a copyright owner parts with title to a particular copy of his copyrighted work, he divests himself of his exclusive right to vend that particular copy. While the proprietor's other copyright rights (reprinting, copying, etc.) remain unimpaired, the exclusive right to vend the transferred copy rests with the vendee, who is not restricted by statute from further transfers of that copy.

550 F.2d at 1187.

■ We recognize that, under the "first sale" doctrine as enunciated at 17 U.S.C. § 109(a) and as discussed in *Wise,* appellant can purchase a copy of the Nagel book and subsequently alienate its ownership in that book. However, the right to transfer applies only to the particular copy of the book which appellant has purchased and nothing

else. The mere sale of the book to the appellant without a specific transfer by the copyright holder of its exclusive right to prepare derivative works, does not transfer that right to appellant. The derivative works right, remains unimpaired and with the copyright proprietors—Mirage, Dumas and Van Der Marck. As we have previously concluded that appellant's tile-preparing process results in derivative works and as the exclusive right to prepare derivative works belongs to the copyright holder, the "first sale" doctrine does not bar the appellees' copyright infringement claims.

We AFFIRM.