38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rie MUNOZ and Rie Munoz, Ltd., Plaintiffs-Appellees,
v.
ALBUQUERQUE A.R.T. CO., Defendant-Appellant.
 No. 93-35743.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Oct. 19, 1994.
 
 Before: LAY, TROTT, AND T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Albuquerque A.R.T. Co. ("A.R.T.") appeals the district court's grant of summary judgment in favor of Rie Munoz and Rie Munoz, Ltd. on the claim of copyright infringement and the district court's order of permanent injunction. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Id. The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. Id. at 1131. When a mixed question of fact and law involves undisputed underlying facts, summary judgment may be appropriately granted. Union School Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir.1994).
 
 
 4
 The district court's grant of permanent injunctive relief is reviewed for an abuse of discretion or application of erroneous legal principles. Dexter v. Kirschner, 984 F.2d 979, 982 (9th Cir.1992).
 
 I.
 Summary Judgment
 
 5
 A.R.T. contends the district court erred in concluding A.R.T.'s process of affixing Rie Munoz prints to ceramic tiles constituted a derivative work. This contention is without merit.
 
 
 6
 The issue of whether the tiling process engaged in by A.R.T. constitutes a derivative work was decided by this circuit in Mirage Editions, Inc. v. Albuquerque A.R.T. Co., 856 F.2d 1341 (9th Cir.1988), cert. denied, 489 U.S. 1018 (1989). The Mirage court held "[b]y borrowing and mounting the preexisting, copyrighted individual art images without the consent of the copyright proprietors ... appellant has prepared a derivative work and infringed the subject copyrights." Id. at 1343.
 
 
 7
 A.R.T. does not dispute it used the same tiling process disputed in Mirage. Under the holding in Mirage, the ceramic tiles incorporating the Rie Munoz prints clearly constitute a derivative work. Therefore, the district court did not err in concluding the tiles infringed on Munoz's copyrights pursuant to 17 U.S.C. Sec. 106(2).
 
 
 8
 A.R.T. also contends Munoz consented to the creation of the ceramic tiles incorporating her prints. The record does not support this contention. A.R.T. failed to offer any evidence indicating Munoz consented to the production of the tiled prints between June, 1991 and May 19, 1992.
 
 
 9
 Inasmuch as A.R.T. failed to establish the existence of any genuine issues of material fact, the district court's grant of summary judgment was appropriate.
 
 II.
 Permanent Injunction
 
 10
 Finally, A.R.T. contends the permanent injunction ordered by the district court is overbroad because it prohibits A.R.T. from performing conventional framing services. This contention is also without merit.
 
 
 11
 The injunction prohibits A.R.T. "from producing, selling, displaying, transferring, promoting, or distributing ceramic tiles incorporating copyrighted images to which Rie Munoz or Rie Munoz, Ltd., hold copyrights." A.R.T.'s position ignores the distinction drawn in this circuit between conventional framing and A.R.T.'s ceramic tiling process which the district court properly held to constitute a derivative work. The district court was within its discretion in ordering the permanent injunction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3