The GREENWICH WORKSHOP, INC., Plaintiff,

v.

TIMBER CREATIONS, INC. et al., Defendants.

No. SA CV 95–191 AHS (EEx).

United States District Court, C.D. California, Southern Division.

May 20, 1996.

Rex S. Heinke, Kimberley L. Kester, Gibson, Dunn & Crutcher, Los Angeles, CA, for Plaintiff and Counterdefendant The Greenwich Workshop, Inc.

Lee R. Goldberg, Goldberg & Gianesin, Irvine, CA, Stephen M. McNamara, McNamara & Van Blarcom, Orange, CA, for Defendants Tiffani's Gallery and Timber Creations, Inc.

Steve Smiley, Murchison & Cumming, Los Angeles, CA, for Defendant HTL, Inc. dba Hiland Tobacco Locker.

Melvin Schwartz, Scottsdale, Arizona, for Defendant John Marshall dba Canvasing the Four Winds.

Daniel L. Dawes, Newport Beach, CA, for Defendant Pacific Coast Art & Frame Inc.

## MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT

STOTLER, District Judge.

### I.

### *PROCEDURAL HISTORY*

On February 27, 1996, plaintiff filed a Motion for Summary Adjudication of the Greenwich Workshop, Inc.'s Copyright Infringement Claims Against Defendants, Timber Creations, Inc. and Tiffani's Gallery, Inc. On March 11, 1996, defendants filed opposition. Plaintiff filed its reply on March 18, 1996.

On February 28, 1996, defendants Timber Creations, Inc. and Tiffani's Gallery, Inc. filed a Motion for Partial Summary Judgment. Plaintiff filed opposition on March 11, 1996. Defendants filed their reply on March 18, 1996.

The foregoing matters were noticed for hearing on the Court's March 25, 1996, calendar. The Court found the matters appropriate for submission on the papers without oral argument. *See* Local Rule 7.11 (the Court may dispense with oral argument on any matter unless otherwise required); Fed. R.Civ.P. 78. The matters were, therefore, removed from the Court's March 25, 1996, hearing calendar.

### II.

### *FACTUAL OVERVIEW*

Plaintiff The Greenwich Workshop, Inc. ("Greenwich") publishes and distributes select works of art including works created by the artist Bev Doolittle. Plaintiff owns the copyright for certain original Doolittle watercolor paintings and for photolithographic prints generated from these originals, such as "Let My Spirit Soar" and "Runs with Thunder." Plaintiff reproduces the photolithographic prints, which are signed by Doolittle, in limited editions so as to ensure their quality and value.

Plaintiff also has produced and distributed a copyrighted book, entitled "The Art of Bev Doolittle," which contains smaller-scale reproductions ("bookplates") of the original works. This book contains a statement that reads:

> No part of this book may be reproduced, altered, trimmed, laminated, mounted or combined with any text or image to produce any form of definitive work ... The images in this book, and the entire book, are protected under the Copyright Law, and the publisher will prosecute to the full extent of the law any unauthorized use of them.

Plaintiff alleges that defendants have ignored the foregoing admonition and have infringed plaintiff's copyright by engaging in a practice of cutting out the bookplates, transposing them onto canvas or matting, framing them, and selling the end product. Plaintiff asserts that defendants are creating and distributing inferior quality derivative works that are displacing the original works and creating confusion in the market.

Defendants do not deny that they are engaging in the aforementioned conduct, but argue that their end-product does not constitute a "derivative work."

## III.

### PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

### THE PARTIES' CONTENTIONS

A. *Plaintiff's Motion*

Plaintiff first argues that all of the elements of copyright infringement are present in the instant case. Copyright infringement is demonstrated by proof of (1) ownership of copyrighted material by the plaintiff; and (2) "copying" by the defendants. *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1151 (9th Cir.1986). Plaintiff contends that "copying" refers to the infringement of any of the copyright owner's five exclusive rights set forth in 17 U.S.C. § 106. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n. 3 (9th Cir.1989).

The five exclusive rights of a copyright owner that plaintiff relies upon include the exclusive right of the copyright owner to "prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106(2). A "derivative work" is defined as:

> a work based upon one or more pre-existing works, such as ... [an] art reproduction ... or any other form in which a work may be recast, transformed or adapted. A work consisting of editorial revisions, annotations or elaboration, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work."

17 U.S.C. § 101.

Plaintiff argues that defendants' matted and framed bookplates constitute derivative works as a matter of law. In support of this proposition, plaintiff compares the instant case to *Mirage Editions, Inc. v. Albuquerque A.R.T. Company*, 856 F.2d 1341 (9th Cir. 1988), *cert. denied* 489 U.S. 1018, 109 S.Ct. 1135, 103 L.Ed.2d 196 (1989), where the Ninth Circuit found that removing copyrighted art images from a commemorative artbook and affixing them to individual tiles infringed, as a matter of law, the copyright in each art image so transformed.

The appellant in *Mirage* engaged in a practice of purchasing multiple copies of the appellees book, removing the art images and gluing those images onto slightly larger sheets of black plastic material that exposed a narrow black margin around each removed image. The appellant would then apply a transparent plastic film over the whole thing, thereby creating ceramic tiles. Appellant then offered these tiles for sale.

Affirming the district court's grant of summary judgment in favor of plaintiffs (now appellees), the Ninth Circuit held that:

> What appellant has clearly done here is to make another version of Nagel's art works ... and that amounts to preparation of a derivative work. By borrowing and mounting the preexisting, copyrighted individual art images without the consent of the copyright proprietors—Mirage and Dumas as to the artworks and Van Der Marck as to the book—appellant has prepared a derivative work and infringed the subject copyrights.

*Mirage*, 856 F.2d at 1343.

Plaintiff compares defendants' practice of gluing the images onto matting in the instant case with appellant's practice in *Mirage* of gluing the Nagel images onto black plastic. Plaintiff argues that in this case, as in *Mirage*, a thin border is created which, plaintiff argues, constitutes a "transformation" within the meaning of 17 U.S.C. § 101. Similarly, plaintiff argues that defendants' practice of placing glass over the surface of the image is equivalent to the appellant's practice in *Mirage* of covering the Nagel prints with a transparent material, and thus transforming the copyrighted work.

In further support of its argument that defendants' end product constitutes a "derivative work," plaintiff cites *Munoz v. Albuquerque A.R.T. Co.*, 829 F.Supp. 309 (D.Alaska 1993), *aff'd*, 38 F.3d 1218 (9th Cir.1994), where the court found that A.R.T. had infringed plaintiff's copyright in certain notecards as a matter of law by affixing them onto ceramic tiles and covering them with a transparent layer of acrylic or epoxy. Plain-

tiff argues that the instant case presents an even stronger case of copyright infringement than existed in *Munoz* because certain of the bookplates glued by defendants onto matting are mere "details" that do not reflect all of the images contained in the underlying copyrighted work from which the details were derived.

Plaintiff also cites *Bannister v. Anderson et al.*, an unpublished Mississippi district court opinion, in support of its argument. In *Bannister*, the court determined that defendants' practice of masking and framing certain miniature color reproductions of artwork removed by defendants from various brochures, infringed, as a matter of law, Bannister's copyrights in the underlying art. In so holding, the court noted that:

> extracting of the reduced-size color copies from the advertisements and masking and framing them has resulted in the recasting, transforming, or adapting of copyrighted works without the consent of plaintiff. Thus, the resulting products constitute infringing derivative works.

Plaintiff urges the same finding here.

Finally, plaintiff argues that the "First Sale Doctrine" in no way permits defendants to prepare or distribute matted and framed bookplates. The first sale doctrine is codified at 17 U.S.C. § 109(a), which provides:

> ... [T]he owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord.

Plaintiff argues that the Ninth Circuit's decision in *Mirage* explicitly states that the "first sale doctrine" does not permit the owner of a particular copy of a copyrighted work to create a derivative therefrom; the exclusive right to prepare a derivative work, instead, remains with the copyright owner. *Mirage*, 856 F.2d at 1344.

### B. *Defendants' Opposition*

Defendants argue that in order to show that a work is "derivative," plaintiff must demonstrate that a "new and different" or "substantially different" work has been cre-

ated. *See Paramount Pictures v. Video Broadcasting Systems*, 724 F.Supp. 808, 821 (D.Kan.1989). Defendants contend that plaintiff has failed to meet this burden.

Defendants next urge that they cannot be found liable for framing bookplates that are not themselves separately copyrighted works. Defendants further argue, however, that even if the Court finds that the bookplates are copyrighted by virtue of being contained in a copyrighted book, defendants' practice of framing the bookplates does not constitute the creation of a "derivative work." In support of this proposition, defendants point out that the *Munoz* court explicitly stated that:

> Placing a print or painting in a frame and covering it with glass does not recast or transform the work of art. It is commonly understood that this amounts only to a method of display. Moreover, it is a relatively simple matter to remove the print or painting and display it differently if the owner chooses to do so. Neither of these things is true of the art work affixed to a ceramic tile.

*Munoz*, 829 F.Supp. at 314. Defendants also focus on the permanence of the tile-making process in order to distinguish *Mirage* from the instant case, arguing that the covering in *Mirage* was permanent whereas the covering at issue is merely glass, which may easily be removed.

Defendants next argue that plaintiff's citation to *Bannister* is improper both because the case is unpublished and because it is factually distinguishable.

Finally, defendants argue that the "legality of framing bookplates is buttressed when viewed in the spectrum of infringing versus non-infringing conduct." For example, defendants argue that they could legally open the book and display it in a rack, or they could put the entire book in a frame and sell it, or they could remove pages from the book and sell them without the frame. Defendants argue that the next logical step is to put the page in a frame and to sell it in that manner. Defendants argue that since they merely "created an alternative method of display," the Court should not find that de-

fendants' end-product is a "derivative work." Defendants predict that economic "devastation" would occur if the Court ruled otherwise, arguing in particular that adoption of plaintiff's theory would ban the framing of cartoon cells, record albums, stamps, etc.

On a final note, defendants ask the Court to observe that the parties have stipulated to litigate only whether framing bookplates creates a derivative work and to delay the contest on defendants' defenses concerning the copyright claim. Accordingly, defendants argue that even if the Court finds that framing bookplates creates a derivative work, no judgment should be entered on plaintiff's first claim for relief.

### C. *Plaintiff's Reply*

Plaintiff first replies that defendants never deal with the fact that the matted and framed bookplates they distribute come from copies of plaintiff's **copyrighted book** that defendants have recast, transformed and adapted into works of art to hang on the wall. Plaintiff argues that the instant case is thus vastly different from the one involving the simple framing of artwork, since each time defendants remove a bookplate from plaintiff's copyrighted book, an unlawful "transformation" of that book occurs. Once removed, the pages can never be reinserted into the book.

Second, plaintiff argues that the bookplates distributed by defendants, in all instances, recast, transform and adapt plaintiff's copyrighted art by the virtue of the fact that they are, as defendants admit, reduced-scale versions of the original works that were created solely for inclusion in a book.

Third, plaintiff contends that the fact that plaintiff does not hold a separate copyright for each individual bookplate is irrelevant since defendants have infringed plaintiff's copyrights in both the art and the book.

Fourth, plaintiff distinguishes the *Munoz* dicta cited by defendants on the ground that this case does not involve the simple framing of artwork that was meant to be framed.

Fifth, plaintiff argues that *Mirage* is controlling Ninth Circuit law. Plaintiff contends that in *Mirage*, it was defendant's practice of "borrowing and mounting the preexisting, copyrighted individual art images" taken from the Nagel art book that constituted an essential finding that an infringement of plaintiffs' copyrights had occurred. *Mirage*, 856 F.2d at 1343.

## IV.

### *DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT*

Defendants' motion is a recap of their opposition to plaintiff's motion for summary adjudication. Defendants argue that the Court should find, as a matter of law, that defendants' conduct does not infringe on plaintiff's exclusive right under 17 U.S.C. § 106(2) to prepare and distribute derivative works.

## V.

### *DISCUSSION OF APPLICABLE PRINCIPLES*

Copyright infringement is demonstrated by proof of (1) ownership of copyrighted material by the plaintiff; and (2) copying by the defendants. *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1151 (9th Cir.1986). Copying refers to the infringement of any of the copyright owner's five exclusive rights set forth in 17 U.S.C. § 106. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n. 3 (9th Cir.1989).

The five rights of a copyright owner include the exclusive right to "prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106(2). A "derivative work" is defined as:

> a work based upon one or more pre-existing works, such as ... [an] art reproduction ... or any other form in which a work may be recast, transformed or adapted. A work consisting of editorial revisions, annotations or elaboration, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work."

17 U.S.C. § 101.

Applying the foregoing standards to the facts of this case, the Court rules that

defendants' matted and framed bookplates do infringe plaintiff's copyrights in both the artwork and the book. "By borrowing and mounting the preexisting, copyrighted individual art images without the consent of [plaintiff] ... [defendants] ha[ve] prepared a derivative work and infringed the subject copyrights." *Mirage Editions, Inc. v. Albuquerque A.R.T. Co.*, 856 F.2d 1341, 1343 (9th Cir.1988) (affirming district court's holding that defendant created "derivative works" that infringed plaintiffs' copyrights when defendant transferred artworks from a commemorative book to individual tiles for sale to the public). Defendants' infringement is particularly evident in the context of the copyrighted book, which defendants have clearly "recast" and "transformed" by physically removing the pages and adapting them into works of art to hang on the wall.

Defendants' argument that they have simply "created an alternative method of display" for plaintiff's copyrighted works is unavailing. Defendants' practice of removing from plaintiff's copyrighted book reduced-scale versions of plaintiff's copyrighted artwork, which were intended solely for inclusion in the book, is not equivalent to simply framing a work of art for display purposes.

## VI.

### DISPOSITION OF MOTIONS

For the foregoing reasons, the Court grants plaintiff's motion for summary adjudication. The Court has this date modified, signed and filed plaintiff's Proposed Order Granting Summary Adjudication in Favor of Plaintiff, the Greenwich Workshop, Inc., on Plaintiff's First Claim for Relief for Copyright Infringement Against Defendants, Timber Creations, Inc., and Tiffani's Gallery, Inc.

Defendants' Motion for Partial Summary Judgment is denied.

IT IS SO ORDERED.